AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

### for the
### Western District of New York

**United States of America**

**v.**

**TYREE PERRY-NUBIN**

*Defendant*

Case No. 26-MJ-528

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of April 3, 2026, in the County of Monroe, in the Western District of New York, TYREE PERRY-NUBIN, did knowingly or intentionally possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

On or about the date of April 3, 2026, in the County of Monroe, in the Western District of New York, TYREE PERRY-NUBIN, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), did knowingly possess a firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

On or about the date of April 3, 2026, in the County of Monroe, in the Western District of New York, TYREE PERRY-NUBIN, did possess a firearm after having been convicted of a felony in violation of Title 18 United States Code, Section 922(g)(1).

This Criminal Complaint is based on these facts: *See* attached affidavit.

☒ Continued on the attached sheet.

*Complainant's signature*

GARICK MADISON, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms & Explosives
*Printed name and title*

Affidavit and Criminal Complaint submitted electronically by .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim. P. 4.1 and 41(d) on:

Date: April   9   , 2026

City and State:  Rochester, New York

*Judge's signature*

HONORABLE MARK W. PEDERSEN
United States Magistrate Judge, WDNY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.                                               26-MJ- 528

TYREE PERRY-NUBIN,

                    Defendant.

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, GARICK E. MADISON, affirm to the following facts:

1)     I have been a Senior Investigator with the New York State Department of Corrections and Community Supervision, who I have been employed with since 2006. During my time employed, I have worked with federal, state, and local law enforcement officers on numerous investigations involving narcotics trafficking, and firearms offenses, and have assisted in multiple successful investigations of drug distribution networks and firearms trafficking organizations. I have participated in the investigation of numerous drug trafficking conspiracies and cases involving the use of court-authorized interceptions of wire and electronic communications. I am currently assigned to the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) Violent Crimes Task Force and am assigned to the Rochester, NY Field Office as a Task Force Officer. While assigned to this task force, I have been involved in the execution of search and seizure warrants on drug trafficking locations, assisted with arrests for violations of state and federal drug and firearms laws, and authored supporting affidavits in support of court authorized search warrants. I further state that I am the kind of Task Force Officer as delineated in Title 18, United States Code, Section 3051.

1

2)    My current assignment involves the investigation of firearms, explosives, and arson offenses, including but not limited to violations of Title 18, United States Code Section 922(g)(1) and Title 18, United States Code § 924(c). I have also conducted federal investigations involving violations of Title 21, United States Code, Sections 841, 846, and others.

### Purpose of Affidavit

3)    This affidavit is submitted in support of a criminal complaint for the limited purpose of establishing probable cause to believe that TYREE PERRY-NUBIN (hereinafter **NUBIN**) has violated Title 21, United States Code, Sections 841(a)(1) & 841(b)(1)(C) (possession of cocaine with intent to sell); Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime); and 18 U.S.C. Section 922(g)(1) (possession of a firearm by a convicted felon).

4)    The assertions made herein are based solely upon my personal knowledge, my training and experience, as well as information I have received during a joint investigation performed by your affiant, other ATF agents, and members of the Rochester Police Department (RPD).   Further, I have had discussions with officers involved in this investigation who have confirmed the accuracy of the information contained within this affidavit, all of which I believe to be true and accurate. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation.   Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that the defendant committed the above-mentioned offenses. In support thereof, I respectfully state the following:

## BACKGROUND

5)    On April 3, 2026, at approximately 5:37 p.m., Rochester Police Department Officer Petrone was operating a marked patrol car in full duty uniform operating in the area of Clinton Section in the City of Rochester NY, along with his partner Officer Merklinger. After receiving a 911 call regarding a male with a gun wearing a red track suit in the area of 50 Weaver Street, Officers stepped out with a black male wearing a red track suit later identified as PERRY-NUBIN. Officer Petrone placed PERRY-NUBIN in handcuffs and performed a pat frisk were a firearm was felt in the waist band of PERRY-NUBIN. Officer Merklinger removed the handgun from PERRY-NUBIN's waistband and made the firearm safe.  There was one 9mm round in the chamber and nine 9mm rounds in the ammo magazine.  After locating the firearm Officer Petrone completed a full search of PERRY-NUBIN and found United States currency in small bills totaling $113 and a bag of pink and yellow vials containing a hard rock like substance.

6)    Based upon your affiant's training and experience in this and other investigations, your complainant believes that the small vials containing what appeared to be crack cocaine are consistent with how narcotics traffickers commonly package crack cocaine for sale.  Additionally, the amount of cocaine that was seized, the packaging of the cocaine, and the United States Currency, I believe the defendant possessed the above-described cocaine and with the intent to distribute, as opposed to for personal use.

7)    Further, based on training and experience, your affiant is aware that traffickers of controlled substances commonly possess firearms to protect themselves, their narcotics, and the proceeds from their narcotic sales.

3

### Recovered Narcotics

8)    The bag containing 31 pink and yellow vials containing a hard rock like substance found on PERRY-NUBIN was suspected to be cocaine. A drug field test was conducted on a sample taken from the suspected cocaine, which did yield a positive result for the presence of cocaine.

### Recovered Firearm

9)    The handgun, a semi-automatic Pietro Beretta 9mm, (bearing serial number A187238Z), located on PERRY-NUBIN, was found to be loaded with 10 rounds of live 9mm ammunition in the magazine. Special Agent Andrew Farnham of the ATF, who advised that based upon a description of the seized firearm, the seized firearm was not manufactured in the State of New York. Therefore, the firearm would have traveled in and affected interstate commerce in order to be possessed in New York State on April 3, 2026.

### Criminal History

10)    On October 19, 2023, PERRY-NUBIN was convicted in the Western District of New York in the matter, *United States of America v. Tyree Perry-Nubin*, (22-CR-6149) upon plea of guilty of Possession of Cocaine with Intent to Distribute in violation of Title 21 U.S.C. § 841(a)(1) and Title 21 U.S.C. § 841(b)(1)(C); and Felon in Possession of a Firearm in violation of Title 18 U.S.C. § 922(g)(1) and Title 18 U.S.C. § 924(a)(8) and subsequently sentenced to thirty-three months imprisonment, to be followed by three years of supervised release.

### Conclusion

Based on the above information, your affiant submits there is probable cause to believe that on or about, April 3, 2026, in the City of Rochester, County of Monroe, Western Judicial

4

District of New York, Tyree PERRY-NUBIN violated Title 21, United States Code, Sections 841(a)(1) & 841(b)(1)(C) (possession of cocaine with intent to sell); Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime); and 18 U.S.C. Section 922(g)(1) (possession of a firearm by a convicted felon).

GARICK MADISON
Task Force Officer
Bureau of Alcohol, Tobacco,
Firearms & Explosives

Affidavit and Criminal Complaint submitted electronically by .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim. P. 4.1 and 41(d) on:

Date: _April   9    , 2026

City and State:  Rochester, New York

_Judge's signature_

HONORABLE MARK W. PEDERSEN
United States Magistrate Judge, WDNY

5